USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TPLOGIX, INC. and UNTUCKIT, LLC,

Plaintiffs,

-against-

COSCO SHIPPING LINES CO., LTD. and DOES 1-15,

Defendants.

25-CV-07098 (MMG)

**ORDER TO SHOW CAUSE**

MARGARET M. GARNETT, United States District Judge:

In this admiralty action, Plaintiffs TPLOGIX, Inc. and Untuckit, LLC bring claims for breach of contract and maritime bailment against Defendant COSCO Shipping Lines Co., Ltd. ("COSCO"). *See* Dkt. No. 63. Pending before the Court is COSCO's motion to dismiss Plaintiffs' First Amended Complaint. Dkt. No. 64. Plaintiffs have filed their Opposition to the motion to dismiss, Dkt. No. 70 ("Pls.' Opp."), and COSCO has filed its Reply, Dkt. No. 71.

In its Reply, COSCO apprised the Court of potentially fabricated citations in Plaintiffs' Opposition brief. Dkt. No. 71 at 8 ("[COSCO] was unable to locate the purported direct quote [in Plaintiffs' brief] anywhere within the *Hollander* decision."). The Court thereafter undertook an independent review of the cases and authorities cited in Plaintiffs' Opposition brief and now concludes that Plaintiffs' brief contains numerous citations to nonexistent cases and nonexistent quotations. As illustrative examples, the Court conducted a search for the following quotes and cases to no avail:

- "A deviation which exposes the cargo to risks not contemplated by the parties is a fundamental breach going to the essence of the contract." *Encyclopaedia Britannica, Inc. v. S.S. Hong Kong Producer*, 422 F.2d 7, 14 (2d Cir. 1969). Pls.' Opp. at 4.

- "Where the defendant's wrongful act has caused the plaintiff to litigate with a third party, the plaintiff may recover the attorney's fees incurred as damages." *Oscar Gruss & Son v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003). Pls.' Opp. at 8.

- "Expenses incurred in the preservation or recovery of the property are proper charges recoverable in admiralty." *The Poznan*, 274 U.S. 117, 121–22 (1927). Pls.' Opp. at 8.

- *New York Dock Co. v. The Poznan*, 61 F.2d 687 (2d Cir. 1932). Pls.' Opp. at 9.

Moreover, it appears that Plaintiffs have represented that certain cases cited in their brief stand for propositions of law which, upon examination, they do not. For example, Plaintiffs cite *Kingstate Oil v. M/V Green Star* 815 F.2d 918, 922 (3d Cir. 1987), for the proposition that "custodia legis and recovery expenses are damages when the plaintiff is compelled to arrest the

property because of a defendant's conduct." Pls.' Opp. at 9. But *Kingstate Oil* merely reaffirms the well-established holding that "[a] person furnishing goods or services to a vessel after its arrest (in *custodia legis*) does not acquire a maritime lien against the vessel for the value of those goods or services." 815 F.2d at 922.

Accordingly, **by no later than July 16, 2026,** Plaintiffs and their counsel are hereby ORDERED to show cause why the hallucinated citations and quotations and legal mischaracterizations in Plaintiffs' brief should not be sanctioned, including striking Plaintiffs' Opposition or dismissing Plaintiffs' claims. As part of the show-cause filing, Plaintiffs are ORDERED to submit sworn declarations from **all** licensed attorneys responsible for the brief and citations (regardless of whether that attorney signed the brief) that explain: (i) their role in drafting or supervising the brief; (ii) how the fabricated cases and quotations were generated; (iii) all steps taken to verify the accuracy, veracity, and existence of the quotations and citations in the brief; (iv) all bases for the assertion in their brief that the following cases support their respective propositions of law and parentheticals: *Complaint of Tecomar, S.A.*, 765 F. Supp. 1150, 1153–54 (S.D.N.Y. 1991) (Pls.' Opp at 5); *Kingstate Oil v. M/V Green Star*, 815 F.2d 918, 922 (3d Cir. 1987) (Pls.' Opp. at 9); and (v) any other information that indicates how their involvement in the brief is consistent with that attorney's duty of candor to the Court and their other professional responsibilities.

Plaintiffs and their counsel are further ORDERED to append to their filings copies of *each* cited legal authority (including the treatise cited on page 5 of Plaintiffs' Opposition brief); if they cannot provide such copies, they shall state so in their declaration and why.

Dated: July 9, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge